UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

IVONA SERWA,

                              Petitioner,

  -against-                                                  8:06-CV-0681
                                                                         (LEK)

UNITED STATES OF AMERICA,

                              Respondent.

## AMENDED ORDER

On June 2, 2006, Petitioner Ivona Serwa ("Petitioner") filed a Motion to vacate, correct or set aside her sentence pursuant to 28 U.S.C. § 2255. <u>See</u> § 2255 Motion (Dkt. No. 1). The case was then stayed by Order of this Court, upon Motion by Petitioner, on July 26, 2006. <u>See</u> Letter Request & Order (Dkt. No. 7). The stay was granted pending action by United States Citizenship and Immigration Services ("USCIS") on Petitioner's Motion to reopen and reconsider the denial of her residency (visa) in the United States. <u>Id.</u>

On August 3, 2006, Counsel for Petitioner informed this Court that USCIS had denied Petitioner's Motion to reopen and reconsider the denial of her residency. <u>See</u> Pet.'s Letter (Dkt. No. 8). Petitioner now wishes for this Court to lift the stay, and also require the USCIS to submit briefing. <u>Id.</u>

28 U.S.C. § 2255 is a vehicle by which defendants may petition the Court for vacation, correction or setting aside of a sentence or conviction. <u>See, generally,</u> 28 U.S.C. § 2255; <u>United States v. Bagley</u>, 473 U.S. 667 (1985). It is not a writ of error, and does not permit the Court to review grounds of appeal other than the claims of a Petitioner, in custody, appealing sentence and

1

the lawfulness of the restriction of Petitioner's liberty.  See 28 U.S.C. § 2255; United States v. Bradford, 194 F.2d 197 (2d Cir. 1952) (L. Hand, J; joined by Swan, C.J., & A. Hand, J.); Wales v. Whitney, 114 U.S. 564, 571-575 (1885).  In effect, "the remedies open to a convict who is not in custody are limited to an appeal from the judgment, and to a motion made under Rules 33, 34 and 35".  Bradford, 194 F.2d at 201.

From a review of the submissions, it appears to this Court that Petitioner is, in effect, seeking to vacate a plea of guilty entered over ten (10) years ago - apparently the only remaining vestige of that criminal case (6:96-mj-0199).  Petitioner claims that, *inter alia*, at the time Petitioner did not speak English, did not understand the charges against her, and did not intend to plead guilty as she was innocent of any crime.  See § 2255 Motion, Mem. of Law & Pet.'s Affid. (Dkt. No. 1, Attachs. 1-3).  Petitioner claims to have only now learned that she actually pled guilty to the 1996 charges - when USCIS denied her visa application in mid-2006.  See id.

But, the Government has brought to this Court's attention an Order of then-active United States Magistrate Judge Henry VanAcker, Jr., who presided over Petitioner's original criminal proceedings in 1996.  Following Petitioner's plea of guilty, and sentence to, *inter alia*, "time served" by Judge VanAcker, the United States Attorney's Office dismissed the Complaint, and moved to vacate the judgment of conviction - pursuant to Federal Rule of Criminal Procedure 48(a) and 28 U.S.C. § 2255.  See Govt's Response (Dkt. No. 5, Exs. 1 & 2).  Judge VanAcker granted the Government's Motion, in a May 3, 1996 Order.  See id.  Therefore, a § 2255 Motion, by the Government, has already been granted in favor of Petitioner in the related criminal case (6:96-mj-0199).

There is no Complaint or conviction in existence in either this matter, or the related criminal

matter. There is no sentence or restriction to challenge under § 2255. The case against Petitioner was, in effect, "thrown out" by the actions of the Government and the Order of Judge VanAcker in 1996. As a result, Petitioner's plea of guilty would have been vacated at the time. With no criminal complaint and a vacated conviction, it would make no sense for a plea of guilty to have remained on the Record of the dismissed case.

However, there appears to be some confusion as to the guilty plea continuing to exist in the related criminal case. Therefore, while this Court will not reach the merits of the § 2255 Motion, the Court hereby lifts the stay issued on July 26, 2006, and, in the interests of justice, reaffirms the dismissal of the Complaint and the vacation of the conviction - as originally ordered by Judge VanAcker. In doing so, Petitioner's guilty plea should be vacated, nullified and declared null and void, if it has not been so vacated, nullified and declared null and void to date. In addition, the Court orders that Petitioner's § 2255 Motion and letter requests by Counsel, especially concerning briefing by USCIS (see Dkt. No. 8), are otherwise denied, this matter is dismissed, and the case is ordered closed.

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Stay imposed on July 26, 2006 (Dkt. No. 7) is **LIFTED**; and it is further

**ORDERED**, that while this Court does not reach the merits of the § 2255 Motion, the Court in the interests of justice, **REAFFIRMS THE DISMISSAL OF THE COMPLAINT AND THE VACATION OF THE CONVICTION IN THE RELATED CRIMINAL MATTER (6:96-mj-0199)** - as originally ordered by Judge VanAcker. The Clerk of the Court should ensure that Petitioner's guilty plea is **VACATED, NULLIFIED AND DECLARED NULL AND VOID -** if it

has not been so vacated, nullified and declared null and void to date; and it is further

**ORDERED**, that Petitioner's § 2255 Motion and letter requests by Counsel, especially concerning briefing by USCIS (see Dkt. No. 8), are otherwise **DENIED**; and it is further

**ORDERED**, that this case is **DISMISSED**, and the Clerk of the Court is directed to **CLOSE Case Number 8:06-cv-0681**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   August 09, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge